Caroline H. Mankey, SBN 187302
Email: caroline@cypressllp.com
Robert J. Muller, SBN 189651
Email: bob@cypressllp.com
CYPRESS, LLP
11111 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Telephone: (424) 901-0123
Facsimile: (424) 750-5100

Seth H. Ostrow (*pro hac vice*)
sho@msf-law.com
Jeffrey P. Weingart (*pro hac vice*)
jpw@msf-law.com
Austin D. Kim (*pro hac vice*)
adk@msf-law.com
MEISTER SEELIG & FEIN LLP
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Facsimile: (212) 655-3536

Attorneys for Plaintiff/Counterclaim Defendant Advanced Media Networks, LLC

Michael D. Harris, SBN 59,470
mharris@socalip.com
Steven C. Sereboff, SBN 156,731
ssereboff@socalip.com
Jonathan Pearce, SBN. 245,776
jpearce@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350
Fax: (805) 230-1355

Attorneys for Defendants Row 44 Inc., Global Eagle Entertainment, Inc. and Southwest Airlines Co.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADVANCED MEDIA NETWORKS, LLC, <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> ROW 44, INC., GLOBAL EAGLE ENTERTAINMENT INC., AND SOUTHWEST AIRLINES CO., <br><br> Defendants/Counterclaimants. | **Case No. CV-12-11018 GAF (JCG)** <br><br> **STIPULATION AND PROTECTIVE ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

The above captioned matter (the "Action") having come before the Court by stipulation of plaintiff/counterclaim defendant Advanced Media Networks, LLC ("AMN" or "Plaintiff"), and defendants/counterclaimants ROW 44, Inc. ("Row44"), Global Eagle Entertainment Inc. ("GEE") and Southwest Airlines Co. ("Southwest" or, collectively with Row44 and GEE, "Defendants")

(Plaintiff and Defendants hereinafter collectively referred to as the "Parties"), for the entry of a protective order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below (the "Protective Order"); and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that:

## APPLICABILITY OF PROTECTIVE ORDER

1.       All documents, materials, items, testimony or information, regardless of whether stored in electronic or paper form, produced or filed or lodged with or otherwise submitted to the Court in connection with a hearing or trial, or produced, provided or served, formally or informally, either by a Party or by a non-party, to or for any of the other Parties, shall be governed by this Protective Order if designated in accordance with this Protective Order, and if so designated and unless such designation is removed in accordance with this Protective Order, used only for the purposes of this litigation and not for any other purpose, including but not limited to business, legal, patent prosecution, competitive or governmental purpose or function. Notwithstanding the foregoing, nothing in this paragraph 1 or in this Protective Order shall be deemed to limit or otherwise restrict or impair in any manner any Party's use or disclosure of its own information or publicly available information, in whatever form.

2.       The terms of this Protective Order shall apply to all manner and means of disclosure of information in discovery, whether formal or informal, designated in accordance with this Protective Order, including without limitation oral testimony, entry onto land or premises, and production and/or inspection of books, records, documents and tangible things.

## DEFINITIONS

3.       "Confidential" information is defined herein as information that (i) is not in the public domain (*i.e.,* not generally known and not reasonably ascertainable by proper means) or (ii) contains trade secrets, as defined in Cal. Civ. Code §3426.1, or other proprietary or confidential

research, development, marketing, financial, technical, or commercial information, including but not limited to, (a) customer lists, pricing analysis and information, market surveys, market and competitive research, corporate financial information and analysis, and marketing and business strategies, (b) draft patent applications, invention disclosures, and other information relating to the filing and preparation of patent applications, (c) research and experimental testing information, (d) technical information related to product design, development, operation and manufacturing techniques or processing information, (e) patent license agreements, or information that was generated in connection with, or reveals the content of, patent licensing negotiations, (f) technical drawings and other information submitted to government agencies, including the Federal Aviation Administration, that implicates or might implicate airline and commercial and business aviation airplane security issues, or (g) information within the definition of trade secret as set forth in Cal. Civ. Code §3426.1; and any other information that would qualify as Confidential pursuant to Federal Rule of Civil Procedure 26(c) or any other legal standard.

      4.    "Disclosing Party" is defined herein as any Party or non-party who is requested to produce or produces its own Documents or other information in connection with the conduct of the Action.

      5.    "Document" shall include without limitation any records, exhibits, reports, samples, transcripts, oral testimony, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, computer code, databases, version control systems, communications, letters, correspondence, emails and attachments thereto, answers to interrogatories, responses to requests for admissions, pleadings or motions, including copies or computer-stored versions of any of the foregoing.

6. "Highly Confidential" information is defined herein as such Confidential information that would cause direct harm to the competitive position of the Disclosing Party if such Confidential information were to be disclosed or that is so competitively sensitive that its disclosure would negatively affect the business, commercial or financial interests of the Disclosing Party.

7. "Qualified Person" as used herein means:

    a. Trial Counsel;

    b. Any person retained by a Party or its Trial Counsel as an independent consultant or expert (who is not a shareholder, officer, director or employee of a Party, or inventor named on a patent-in-suit) who agrees in writing to be bound by the terms of this Protective Order by signing an undertaking in the form of **Exhibit A**, attached hereto (such signed agreement shall be preserved by the retaining Party or Trial Counsel);

    c. Any court reporter or videographer who transcribes or records testimony in this Action at a deposition and who agrees that all designated confidential testimony is and shall remain confidential and shall not be disclosed except as provided in this Order;

    d. The Court and the Court's personnel;

    e. Outside vendors who perform copying, document preparation, jury consulting, or creation of trial graphics or tutorials on behalf of any Party;

    f. Members of focus groups and mock jurors, provided they sign an undertaking with same protections as the Confidentiality Agreement attached hereto as **Exhibit A** with the caption redacted to remove reference to the Parties, and further provided that no mock jurors or focus group participants be permitted to keep any discovery materials in this matter;

    g. Any other person who is designated as a Qualified Person by written agreement of counsel for the Parties or by Order of this Court, after notice to all Parties;

  h. Officers, directors, or employees of the Parties who require information disclosed pursuant to this Protective Order in order to assist in or evaluate the Action, provided that each such person first sign an undertaking in the form of **Exhibit A** attached hereto (such signed agreement shall be preserved by the retaining Party or Trial Counsel).

8. "Receiving Party" is defined herein as any individual who has received information designated as Confidential or Highly Confidential pursuant to this Protective Order.

9. "Trial Counsel" as used herein, means:

  a. the attorneys and employees of Meister Seelig & Fein LLP and Cypress, LLP responsible for this litigation for AMN and any other law firm (and its members and employees) which appears on behalf of AMN in the Action; and

  b. the attorneys and employees of SoCal IP Law Group LLP responsible for this litigation for Row44, GEE, and Southwest and any other law firm (and its members and employees) which appears on behalf of Row44, GEE, or Southwest in the Action.

## DESIGNATION OF MATERIALS

**"Confidential" Information**

10. A Disclosing Party may designate information or materials disclosed hereunder as Confidential information, as defined herein. In designating Confidential information, the Disclosing Party will make such designation only as to that information that it has regularly treated as Confidential information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c). No information shall be deemed Confidential if it is disclosed in a printed publication available to the public or trade. No information shall be deemed Confidential if it comes to be known to a Party through means that are not governed by any proprietary or confidential relationship or obligation or by this Protective Order. To the extent that a Receiving party questions whether a document has been properly designated "Confidential" under this Order, the receiving Party is nonetheless obligated to treat such Document pursuant to its designation under the terms of

this Order unless and until the designation is removed or modified as provided for in paragraph 29 of this Order.

11. Documents and things produced that contain Confidential information may be designated as such by marking each page, whether an electronic document or paper document, or by marking the tangible medium containing such information, at or before the time of production as follows:

**"CONFIDENTIAL INFORMATION
Subject to Protective Order
Case No. CV-12-11018 GAF"**

12. Access to information or materials designated as Confidential of the Disclosing Party shall be limited to Qualified Persons (as defined in paragraph 7 above). A Receiving Party shall treat information as "Confidential" under this Protective Order as soon as a Disclosing Party so designates the information. For the avoidance of doubt, nothing in this Protective Order shall restrict a Receiving Party's use or distribution of any Document designated as "Confidential" if the only "Confidential" information in the Document is that of the Receiving Party.

13. A Receiving Party shall treat all documents and things designated as containing Confidential information as Confidential under this order unless and until such designation is removed by the Producing Party or by order of this Court.

**"Highly Confidential" Information**

14. A Disclosing Party may designate information or materials disclosed hereunder as Highly Confidential information, as defined herein. In designating Highly Confidential information, the Disclosing Party will make such designation only as to that information that it has regularly treated as Highly Confidential information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c). Documents, testimony, information and other things designated Highly Confidential may be disclosed only to the Qualified Persons identified in subsections (a) through (g) of Paragraph 7 of this Protective Order. A Receiving Party shall treat information as Highly Confidential of the Disclosing Party under this Protective Order, as soon as a Disclosing Party so designates the information. For the avoidance of doubt, nothing in this Protective Order shall restrict a Receiving Party's use or distribution of any Document designated as "Highly

Confidential" if the only "Highly Confidential" information in the Document is that of the Receiving Party.

15. Documents and things produced that contain Highly Confidential information may be designated as such by marking each page, whether an electronic document or paper document, or by marking the tangible medium containing such information, at or before the time of production as follows:

> **"HIGHLY CONFIDENTIAL INFORMATION**
> **ATTORNEYS EYES ONLY**
> **Subject to Protective Order**
> **Case No. CV-12-11018 GAF"**

16. A Receiving Party shall treat all documents and things designated as containing Highly Confidential information as Highly Confidential under this order unless and until such designation is removed by the Producing Party or by order of this Court.

## SOURCE CODE

17. To the extent the production of computer source code is sought in this case, the parties will meet and confer in good faith to develop a provision regarding the production and use of such source code in this case and will, if necessary, submit a joint proposed provision (or competing proposed provisions) to the Court for approval prior to the production of any source code.

## RETAINED INDEPENDENT CONSULTANTS AND EXPERTS

18. In the event that a Party retains independent consultants or experts to furnish technical or consulting services or to give testimony with respect to the subject matter of this Action, and such Party desires to disclose to such independent consultant or expert any information designated by the other Party as Confidential or Highly Confidential, then such disclosure shall be permitted only under the following conditions:

   a. Prior to disclosure, the independent consultant or expert shall acknowledge, in writing, by signing a copy of **Exhibit A** attached hereto, that he/she has received and read a copy of this Protective Order, and that he/she is bound by the terms thereof.

b. At least five (5) business days prior to disclosure of such Confidential or Highly Confidential information, a copy of signed Exhibit A and a copy of the independent consultant or expert's curriculum vitae (which shall include at a minimum such consultant's or expert's education and work history, including a list of all entities for which the consultant or expert has been employed either as a consultant, expert or employee during the past five years, and all matters (by case name or with reference to the parties involved) in which the consultant or expert has been engaged to act as a consultant or expert during the past five years) shall be delivered to Trial Counsel for the Disclosing Party, in the manner agreed to by the Parties to the Action for service of all documents or if no agreement has been made, in the manner provided for service under the Federal Rules of Civil Procedure, along with a statement that the signed Exhibit A and curriculum vitae are being served in accordance with this paragraph of the Protective Order.  Upon request of the Disclosing Party within the five (5) business days provided herein, the Receiving Party shall be required to provide such other additional information as the Disclosing Party identifies as reasonably necessary to permit the Disclosing Party to assess any conflicts or objection to the proposed consultant or expert.

c. In the event that the Disclosing Party objects to disclosure of its Confidential or Highly Confidential information to the independent consultant or expert, the Disclosing Party shall deliver, in the manner agreed to by the Parties to the Action for service of all documents or if no agreement has been made, in the manner provided for service under the Federal Rules of Civil Procedure, a notice of objection to the opposing Party within five business days from actual receipt of the materials required to be served under subparagraph (b) of this paragraph. In such event, disclosure of the information shall not be made until the Parties agree in writing that such disclosure may be made or the

Court issues an order or ruling that such disclosure is permitted. The Disclosing Party shall, with its notice of objection, state fully its reasons and grounds for such objection. Failure to give notice of objection within five business days from actual receipt of the materials required to be served under subparagraph (b) of this paragraph shall operate as a waiver of the objection, unless a reason and ground for an objection becomes apparent after such time which reason and ground was not known and could not reasonably have been known to the Disclosing Party at the time of the identification of the consultant or expert by the Receiving Party as provided in subparagraph (b) of this paragraph. A request for additional information by the Disclosing Party as set forth in the last sentence of subparagraph (b) of this paragraph shall be considered an objection under this subparagraph (c), and the provision of the requested information by the Receiving Party shall be considered a new notification of the potential disclosure to a consultant or expert, triggering the same time frames for non-disclosure and objection as set forth in subparagraphs (b) and (c) of this paragraph.

    d.    Unless the dispute is resolved by agreement between the Parties, the Party seeking disclosure may move for a ruling by the Court on the dispute. The Disclosing Party shall have the burden of establishing that the disclosure should not be permitted.

19.    Where a Party retains independent consultants or experts to furnish technical or consulting services or to provide reports or declarations or to give testimony with respect to the patents-in-suit or the subject matter of this Action, the following materials will be deemed to be privileged materials or materials otherwise protected from production based on a claim of privilege (attorney-client, work product or other privilege) and thus not discoverable:

    a.    Correspondence between such independent consultants or experts and a Party or its Trial Counsel;

   b.  Drafts of expert reports, declarations and any other materials drafted by or for such independent consultants or experts with respect to the patents-in-suit or the subject matter of this Action; and

   c.  Communications between such independent consultants or experts and a Party or its Trial Counsel that are related to drafts and/or revisions of expert reports, declarations, or other materials drafted by or for such independent consultants or experts, or that are related to preparation to testify at a hearing, trial, or deposition in this Action.

Such protections provided in the preceding sentence are to be construed to be in addition to, and shall not diminish the protections provided in, Fed. R. Civ. P. 26(b)(3–4).  Nothing in this paragraph, however, otherwise limits the rights of the Parties to examine an expert or consultant concerning the information he or she relied upon in forming his or her opinions.

**EXAMINATION OF EMPLOYEES, FORMER EMPLOYEES AND THIRD PARTIES:**

20. In addition to those persons who may receive Confidential or Highly Confidential information identified above, the following persons may be examined and give testimony as follows:

    a. a present employee or representative of a Disclosing Party may be examined and may testify concerning all Documents and information designated as Confidential or Highly Confidential by his employer, except for Documents and information that the employee or representative is normally prohibited by his employer from viewing provided that the Disclosing Party has notified the Receiving Party of a class of Documents or item of information which the present employee or representative is prohibited from viewing no less than three business days prior to the examination of the present employee or representative, and in the absence of such notification by the Disclosing Party, the exception shall not apply;

    b. a former employee, associate, representative or consultant of a Disclosing Party may be examined and may testify concerning all Documents and information designated as Confidential or Highly Confidential by that Party only if the former employee, associate, representative or consultant had access to the Confidential or Highly Confidential material during the period or periods of his employment or association with that Disclosing Party;

    c. non-parties may be examined and may testify concerning all documents or information designated as Confidential or Highly Confidential which appears on its face to have been communicated from or received by the non-party;

    d. witnesses may be examined and may testify concerning all documents or information designated as Confidential or Highly Confidential if, by virtue of other testimony or circumstances, it appears likely that the witness previously had lawful access to this information, provided, however, that the Disclosing

           Party can put an end to the examination if such examination reveals that the witness did not have such lawful access; and

    e.    any individual in circumstances not falling into the above categories may be examined and may testify concerning all documents or information designated as Confidential or Highly Confidential only upon approval in writing or on the record by Trial Counsel for the Disclosing Party or order of the Court.

## DEPOSITION TRANSCRIPTS AND EXHIBITS

21. Except for use during court proceedings, all information, including testimony and exhibits, disclosed in a deposition of a non-party deponent, Party or a Party's present or former officers, directors, employees, agents, or independent experts retained by such party for purposes of this litigation shall be treated as if it had been designated as Highly Confidential at the time of the taking of the deposition and for a period of thirty (30) calendar days after the transcript of said deposition is received by the Disclosing Party. Information disclosed at the deposition may be designated under this Protective Order by a Disclosing Party by so-indicating on the record at the deposition, or by the Disclosing Party's notifying all other Parties and the court reporter in writing, within thirty(30) calendar days of receipt of the transcript of the portions of the transcript that contain information to be designated under this Protective Order. The Disclosing Party shall attach a copy of a written statement making such designation to the face of the transcript and provide a copy of same to every other Party, or shall request that the court reporter taking such testimony do so.

22. The designation of testimony given as Confidential or Highly Confidential, or the de-designation of such testimony given, shall not affect the confidentiality status of exhibits presented or used in connection with such testimony.

## COURT FILINGS

23. In the event that a Receiving Party wishes to use any Confidential or Highly Confidential information produced by a Disclosing Party in any affidavits, briefs, memoranda of

law, or other papers filed or lodged with, or otherwise submitted to, the Court in this litigation, such Party must comply with Civil Local Rule 79-5 and attempt to obtain leave from the Court to file such information under seal. Any Party may file with the Court additional reasons as to why the documents should be filed under seal. Any document, thing or information that has been designated as Confidential or Highly Confidential and that is included with, or the contents are in any way disclosed in, any pleading, motion, deposition transcript, or other papers filed or lodged with or submitted to the Clerk of the Court shall be filed in sealed envelopes prominently marked with the notation:

**CONFIDENTIAL (or HIGHLY CONFIDENTIAL) INFORMATION**

**FILED UNDER SEAL**

**SUBJECT TO PROTECTIVE ORDER IN CASE NO. CV-12-11018 GAF**

or as the Court may otherwise direct.

**USE OF INFORMATION DESIGNATED UNDER THIS PROTECTIVE ORDER AT HEARING OR TRIAL**

24. Use of any information designated Confidential or Highly Confidential at trial or at hearing is to be taken up with the presiding bench in advance of the trial or the hearing.

**INADVERTENT FAILURE TO DESIGNATE / INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

25. A Disclosing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated. As soon as notice of a designation is made by a Disclosing Party, all recipients of the designated materials shall immediately treat the designated documents consistent with the designation given by the Disclosing Party. Those individuals who reviewed the documents or information prior to notice of the misdesignation or failure to designate by the Disclosing Party shall return to Trial Counsel for the Disclosing Party or destroy all copies of the misdesignated documents and shall honor, to the extent reasonably practicable, the provisions of this Protective

1  Order with respect to the use and disclosure of any confidential information contained in the
2  misdesignated documents.

3     26.    In the event that information designated pursuant to this Protective Order is disclosed
4  to any person not authorized by this Protective Order to receive the information, the party
5  responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure
6  to the attention of the Disclosing Party, and without prejudice to other rights and remedies of the
7  Disclosing Party, shall make every reasonable effort to prevent further disclosure by it or by any
8  other person who was the recipient of such information. The identification under this section of a
9  party to whom disclosure was made shall not constitute a waiver of attorney work product or
10 attorney-client privileges.

11     27.    Fed.R.Civ.P. 26(b)(5)(B) shall govern the handling of any inadvertently produced
12 privileged materials or materials otherwise protected from production based on a claim of privilege
13 (attorney-client, work product or other privilege). For purposes of this Protective Order, the
14 reference in the Rule to a receiving party shall correspond to the Receiving Party of this Protective
15 Order and reference in the Rule to a Producing Party shall correspond to the Disclosing Party of this
16 Protective Order.

17     28.    The inadvertent production of any privileged or otherwise protected materials shall
18 not be deemed a waiver or impairment of any claim of privilege or protection including, but not
19 limited to, the attorney-client privilege and the protection afforded to work-product materials, or the
20 subject matter thereof. Upon receiving written notice from the Disclosing Party that materials
21 asserted to be privileged or protected have been inadvertently produced, the Receiving Party shall
22 promptly return or destroy all such material (and any copies that may have been made and may have
23 been distributed) to the Disclosing Party within five (5) business days of receipt of such notice.
24 Until such materials are returned or destroyed, such materials and the information contained therein
25 shall be treated as Highly Confidential. Nothing stated herein shall limit the right of a Party to
26 challenge a claim of privilege or protection made pursuant to this paragraph or to retain copies of
27 such materials as necessary for such challenge.
28

### CHALLENGING CONFIDENTIALITY DESIGNATIONS

29. If a Receiving Party wishes to challenge the designation of any information as Confidential or Highly Confidential, the Receiving Party shall provide written notice to the Disclosing Party of a request for declassification of the challenged information. The Disclosing Party, who bears the burden of establishing the confidentiality, shall, within five (5) business days after receipt of the Receiving Party's request for declassification, make a good faith determination as to whether the information at issue should be declassified and notify the Receiving Party of its determination. If the dispute cannot be resolved informally, the Receiving Party may seek appropriate relief from the Court, pursuant to the procedures concerning discovery disputes, including the joint stipulation process as provided for in Civil Local Rule 37. The Disclosing Party shall have the burden of proving the propriety of the designation. The designation of the disputed information shall remain unless and until otherwise ordered by the Court.

30. A Party shall not be obligated to challenge the propriety of a designation of a document at any level of confidentiality identified in this Protective Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

### RETURN AND/OR DESTRUCTION OF MATERIALS UPON CONCLUSION OF THE ACTION

31. Confidential and Highly Confidential Materials: Within ninety calendar days after the conclusion of this litigation, unless the Parties agree in writing to the contrary, any originals or reproductions of any documents produced by a Disclosing Party containing Confidential or Highly Confidential information (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted in evidence in this Action) shall be destroyed, except that Trial Counsel shall be entitled to retain for archival purposes one (1) paper and one (1) electronic copy of transcripts, exhibits, pleadings, correspondence, expert reports, memoranda, and discovery responses (*i.e.*, objections to requests for production, responses to interrogatories, and responses to requests for admissions, but excluding documents produced pursuant to a discovery request) which contain or refer to Confidential or Highly Confidential

information. Trial Counsel shall also be entitled to retain documents constituting work products that were internally generated based upon or which include Confidential or Highly Confidential Information.

32. Insofar as the provisions of this Protective Order restrict the communication and use of the documents produced hereunder, this Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in open court (unless such exhibits were filed under seal) and (b) that a Party may seek the written permission of the Disclosing Party or further order of the Court with respect to dissolution or modification of the Protective Order.

## **MISCELLANEOUS**

33. This Protective Order is being entered without prejudice to the right of any Party or non-party to move the Court for modification of, or relief from, any of its terms.

34. Nothing shall prevent disclosure beyond the terms of this Order if the Disclosing Party consents to such disclosure, or if the Court, after notice to all Parties, orders such disclosure.

35. Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret.

36. This Protective Order shall not be deemed (a) a waiver of any Party's or producing entity's right to object to any discovery requests on any ground; (b) a waiver of any Party's right to seek an order compelling discovery with respect to any discovery requests; (c) a waiver of any Party's right to object to the admission of evidence on any ground; (d) a waiver of any Party's or producing entity's right to use or disclose its own documents, testimony, transcripts, and/or other materials or things at its sole own discretion; or (e) any waiver of the attorney-client privilege or protection of the work product doctrine.

37. Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to the Action, and in the course thereof, relying upon any information under this Protective Order, provided that counsel does not disclose such information in a manner not specifically authorized under this Protective Order.

38. Nothing in this Protective Order shall bar amendment of this Protective Order by a further order of the Court. Any such amendment made by stipulation of the Parties shall be made in writing.

39. If a third party, another court or an administrative agency subpoenas or orders production by a Receiving Party of documents or information designated for protection under this Protective Order, the Receiving Party shall notify the Disclosing Party of the pendency of such subpoena or order, by providing a copy of the subpoena or order along with a written statement that the Receiving Party is providing the notice required under this paragraph, with such notice to be given at least seven (7) court days prior to the return date specified in the subpoena or order for production of documents if possible, but in any event, at least prior to the return date to permit the Disclosing Party to make, file and/or lodge any objections to the subpoena or order. In addition, the Receiving Party shall, no less than seven (7) court days prior to any actual disclosure of any documents or information designated for protection under this Protective Order, provide written notice to the Disclosing Party of the precise scope of the disclosure the Receiving Party intends to make (by providing identification by production number or by specifically naming each and every document the Receiving Party intends to disclose), the entity to whom the Receiving Party intends to make the disclosure, and a specific identification of the subpoena or order which the Receiving Party believes requires the disclosure.

40. The terms of this Protective Order shall survive termination of this action.

[Signature Page Follows]

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Dated: September 10, 2014 | |
| 4 | | |
| 5 | Plaintiff/Counterclaim Defendant Advanced Media Networks, LLC | Defendants/Counterclaimants Row 44 Inc., Global Eagle Entertainment Inc., and Southwest Airlines Co. |
| 6 | | |
| 7 | By:    /s/ Seth H. Ostrow   <br>Seth H. Ostrow (*pro hac vice*)<br>sho@msf-law.com<br>Jeffrey P. Weingart (*pro hac vice*)<br>jpw@msf-law.com<br>Austin D. Kim (*pro hac vice*)<br>adk@msf-law.com<br>MEISTER SEELIG & FEIN LLP<br>125 Park Avenue, 7th Floor<br>New York, NY 10017<br>Telephone: (212) 655-3500<br>Facsimile: (212) 655-3536 | By:    /s/    Jonathan Pearce   <br>Michael D. Harris, SBN 59470<br>mharris@socalip.com<br>Steven C. Sereboff, SBN 156731<br>ssereboff@socalip.com<br>Jonathan Pearce, SBN 245776<br>jpearce@socalip.com<br>SOCAL IP LAW GROUP LLP<br>310 N. Westlake Blvd., Suite 120<br>Westlake Village, CA 91362-3788<br>Phone: (805) 230-1350<br>Fax: (805) 230-1355 |

Caroline H. Mankey, SBN 187302
Email: caroline@cypressllp.com
Robert J. Muller, SBN 189651
Email: bob@cypressllp.com
CYPRESS, LLP
11111 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Telephone: (424) 901-0123
Facsimile: (424) 750-5100

Dated: September 16, 2014

_____
JAY C. GANDHI
U.S. MAGISTRATE JUDGE

6178-036 Doc. #46

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADVANCED MEDIA NETWORKS, LLC, <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> ROW 44, INC., GLOBAL EAGLE ENTERTAINMENT INC., AND SOUTHWEST AIRLINES CO., <br><br> Defendants/Counterclaimants. | Case No. CV-12-11018 GAF (JCG) <br><br> **AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL** |

I, _____, declare that:

1. My address is _____.

2. My present occupation or job description is _____, and I am currently employed by _____.

3. I have been retained by _____ with respect to this litigation. A true and correct copy of my curriculum vitae is attached hereto.

4. I have received a copy of the Stipulation and Protective Order for the Production and Exchange of Confidential Information ("Protective Order") entered in the above- entitled action on _____, and have carefully read and understand its provisions.

5. I will comply with all of the provisions of the Protective Order.

6. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for

this lawsuit, any information designated under the Protective Order, except as expressly permitted by the Protective Order.

      7.    I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

      8.    I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, _____

_____, 20\_\_\_\_

Signature:_____