LINKS: 76

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-11018 GAF (JCGx) | Date | October 28, 2014 |
|---|---|---|---|
| Title | Advanced Media Networks LLC v. Row 44 Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:       (In Chambers)**

**ORDER RE: MOTION TO FILE UNDER SEAL**

**I.
INTRODUCTION**

The Court is in receipt of an application to file portions of Plaintiff Advanced Media Networks, LLC's ("Plaintiff" or "AMN") Opposition to Defendants'[1] Motion for Partial Summary Judgment and certain exhibits filed in support of such Opposition under seal. (Docket No. 76 [Application to File Under Seal ("Appl.")].) These exhibits include a settlement agreement, financial documents, and excerpts of the deposition of Curtis Clark ("Clark Depo. Excerpts"). (See id. at [Declaration of Seth H. Ostrow ("Ostrow Decl.")] at Ex. 44 [Settlement Agreement]; id. at Ex. 49 [Row 44's Balance Sheets]; id. at Ex. 63 [Clark Depo. Excerpts].) Plaintiff has filed redacted versions of the memoranda, and statements of fact on the public docket (Docket No. 73 [Redacted Statement of Undisputed Facts]; Docket No. 74 [Redacted Opposition]) but has failed to file on the public docket a redacted version of the Ostrow Decl. with any redacted or placeholder exhibits attached. After a review of all submitted materials and this Court's prior reasoning regarding sealing the Clark Depo. Excerpts in another case to which Plaintiff was party, the Court finds that the information sought to be filed under seal is confidential, except for the Clark Depo. Excerpts and references thereto.

Accordingly, the Court **DENIES** Plaintiff's Motion to File Under Seal with regard to the Clark Depo. Excerpts and **GRANTS** the motion with regard to the other exhibits sought to be

---

[1] "Defendants" refers collectively to Row 44, Inc., Global Eagle Ent., Inc., and Southwest Airlines, Co.

LINKS: 76

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-11018 GAF (JCGx) | Date | October 28, 2014 |
|---|---|---|---|
| Title | Advanced Media Networks LLC v. Row 44 Inc et al | | |

filed under seal and references thereto. Additionally, Plaintiff is **ORDERED** to file on the public docket a redacted version of the Ostrow Decl. with the exhibits properly redacted or with placeholders for those granted as filed under seal in accordance with this order as set forth below.

**II.
DISCUSSION**

**A. LEGAL STANDARD**

While courts customarily allow the parties to establish ground rules for designating material as confidential for discovery purposes, the Court does not cede to them ultimate authority or responsibility over the sealing of documents. Thus, the fact that certain information may fall within the ambit of the parties' protective order is of limited importance to the Court in determining whether or not an application to seal should be granted. The public has a "general right to inspect and copy public records and documents, including judicial records and documents" because it has an interest in "keep[ing] a watchful eye on the workings of public agencies." Nixon v. Warner Commc'ns., Inc., 435 U.S. 589, 597–98 (1978). A "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). "Thus, 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." Id.

In light of the "strong presumption of access to judicial records," a party should not request that an entire document be filed under seal unless the document's entire contents are confidential. See Kamakana, 447 F.3d at 1179. Instead, a party should redact those portions of the document that are confidential. The redacted copy should then be filed on the public docket and an unredacted copy should be provided to the Court.

**B. APPLICATION**

It appears that most of the exhibits and references thereto may be filed under seal because they have accurately been identified as confidential or proprietary. (See Appl. at 1; id. at Settlement Agreement; id. at Row 44's Balance Sheets.) First, the Court finds that the Settlement Agreement is clearly confidential and properly filed under seal. Additionally, while "Plaintiff takes no position as to the propriety of Defendants' designations" of Row 44's Balance Sheets, the Court finds that such financial information is confidential and properly filed under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-11018 GAF (JCGx) | Date | October 28, 2014 |
|---|---|---|---|
| Title | Advanced Media Networks LLC v. Row 44 Inc et al | | |

seal.

However, the Court does not find any reason to grant Plaintiff's request to file under seal the Clark Depo. Excerpts and references thereto in Plaintiff's Opposition and Statement of Undisputed Facts. (See id. at Ex. 63 [Clark Depo. Excerpts].) Plaintiff's Application merely asserts the Clark Depo. Excerpts were previously designated as "Highly Confidential" in other litigation and thus should be designated as so here as well. (See id. at 1-2.) However, this Court previously denied a request to file the excerpts from the Curtis Clark deposition under seal in a an earlier case to which Plaintiff was party. (See CV 11-10474 GAF (JCGx) at Docket No. 141 [6/14/13 Order Denying Motion to File Under Seal].) After a careful review of the Clark Depo. Excerpts, the Court can see no reason the material is confidential such that it should be filed under seal.

### III.
### CONCLUSION

Accordingly, Plaintiff's Motion to File Under Seal is **GRANTED, in part** with respect to Exhibit 44, and Exhibit 49 to the Ostrow Decl. and all references thereto in Plaintiff's Opposition and Statement of Undisputed Facts, and is **DENIED, in part** with respect to Exhibit 63 and all references thereto in Plaintiff's Opposition and Statement of Undisputed Facts. **Plaintiff is instructed to contact the Court Clerk to either (1) arrange to pick up the materials they requested be filed under seal for which the motion was denied or (2) inform the Court that it may destroy the documents**.

The hearing on the underlying motion is presently set to be heard at 9:30 A.M. on Monday November 3, 2014. So that the hearing may go forth at its set time, Plaintiff is additionally **ORDERED** to file on the public docket a redacted version of the Ostrow Decl. with the exhibits properly redacted in accordance with this Order, no later than close of business on Wednesday October 29, 2014.

**IT IS SO ORDERED.**