LINKS: 66

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-11018 GAF (JCGx) | Date | November 4, 2014 |
|---|---|---|---|
| Title | Advanced Media Networks LLC v. Row 44 Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     (In Chambers)

<u>**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>

**I.
INTRODUCTION**

Plaintiff Advanced Media Networks, L.L.C. ("Plaintiff" or "AMN") owns two patents regarding mobile network capabilities, patent No 5,960,074 (the "'074 Patent") and Patent No. 6,445,777 (the "'777 Patent") (collectively, the "Patents-in-Suit"). (Docket No. 42 [First Amended Compl. ("FAC")] ¶¶ 7-8.) Plaintiff brings this present patent infringement action against Defendants[1] alleging that the wireless internet access they offer passengers on aircraft while in flight infringes on the Patents-in-Suit. (<u>See</u> FAC.) In the scheduling and case management order, the Court allowed the Parties to bring early Motions for Summary Judgment. (Docket No. 45 [8/5/14 Order] at 16.) Defendants have now done so, claiming that the claims of the Patents-in-Suit are obvious. (Docket No. 66 [Mem. for Summary Judgment ("Mem.")] at 15.)

This is not the first time these patents have been challenged. The Patents-in-Suit have been the subject of numerous re-examinations by the Patent and Trademark Office ("PTO"). (<u>Id.</u> ¶ 10.) Indeed, in arguing their obviousness challenge to the Patents-in-Suit, Defendants complain that important prior art was not disclosed to the hearing officer who conducted the re-examination. Whether or not the record supports that complaint is beside the point and not for decision on this motion. Rather, the combination of elements found in the invention defined by

---

[1] "Defendants" refers collectively to Row 44, Inc., Global Eagle Ent., Inc., and Southwest Airlines, Co.

LINKS: 66

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-11018 GAF (JCGx) | Date | November 4, 2014 |
|---|---|---|---|
| Title | Advanced Media Networks LLC v. Row 44 Inc et al | | |

the Patents-in-Suit would have been obvious to a person skilled in the relevant technical discipline.

Here, because the record contains no evidence, let alone undisputed facts, regarding what a skilled artisan would have considered obvious at the time of the invention, Defendants' Motion for Partial Summary Judgment is **DENIED**.

## II.
## BACKGROUND

The '074 Patent, entitled "Mobile Tele-Computer Network for Motion picture, Television and Advertising Production," was filed on September 23, 1996 and issued on September 28, 1999; the '777 Patent, entitled "Mobile Tele-Computer Network," was filed on December 21, 1998 and was issued on September 3, 2002. (Docket No. 66-4 [Declaration of Jonathan Pearce ("Pearce Decl.")] at Ex. 1 ['074 Patent] and Ex. 2 ['077 Patent].) The patents concern "mobile tele-computer networks" that can be used onboard aircrafts. (Id.; see also FAC.) "In addition to being examined by the [PTO] before being issued, the Patents-in-Suit have each been reexamined" by the PTO multiple times. (FAC ¶ 10.) Most recently, Defendants submitted reexamination requests. (Docket No. 78 [Declaration of Seth H. Ostrow ("Ostrow Decl.")] at Exs. 3, 4 [Reexamination Requests].) The PTO upheld the Patents-in-Suit despite finding that the prior art of Eng, Jonas, and Wilson[2] disclosed "being configured to transfer information as a single nomadic transmission/reception point." (Ostrow Decl. at Ex. 43 [Notice of Intent to Issue Ex Parte Reexamination Certificate ("Reexamination Cert. Notice")] at 2162.)

Plaintiff "is a supplier of communication products and services, including portable and wireless videoconferencing and mobile wireless broadband network systems for use at remote locations." (Id. ¶ 1.) Plaintiff has brought suit for infringement of the Patents-in-Suit twice before, against Inmarsat Inc., et al. and against Gogo LLC et al. (Id. ¶¶ 12-13.) Both of those cases have now been dismissed with prejudice following settlement. (See id.) In or around January 2010, Defendants entered into a Services Agreement and entered into a Supply Agreement in or around August 2010. (Id. ¶ 28.) The Complaint alleges that Defendant Row 44 and Global Eagle provides systems for commercial airlines to offer in-flight WiFi to passengers,

---

[2] Eng, Patent No. 5623495 (Portable Base Station); Jonas, Karl, et al., "Interconnection of ATM Networks via Satellite Links for Multimedia Teleconferencing," Proceedings of the Second IEEE International Conference on Electronics, Circuits and Systems, December 17-21 1995, Amman, Jordan; Wilson, Patent No. 4663633.

**LINKS: 66**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-11018 GAF (JCGx) | Date | November 4, 2014 |
|---|---|---|---|
| Title | Advanced Media Networks LLC v. Row 44 Inc et al | | |

and that Defendant Southwest, Row 44's customer, is such an airline. (Id. ¶ 14.)

Defendants counterclaim that they "have not infringed and are not infringing any claim" of the Patents-in-Suit, and that both patents are actually invalid. (Docket No. 55 [Answer and Counterclaims ("Counterclaims")] at 7-9.)

As their titles suggest, the Patents-in-Suit describe computer networks that are mobile. (See '074 Patent; '777 Patent.) As described in the Patents' abstracts, the network consists of either a "redundant digital microwave communication system, at least one mobile vehicle, and a wireless local area network (LAN)" ('074 Patent) or a "satellite communication system, at least one mobile vehicle, and a wireless local area network (LAN)" ('777 Patent). (Id.) "The mobile vehicle is configured to transfer information as a single nomadic transmission/reception point between" either the microwave or satellite communication system "and the wireless LAN." (Id.) While the '074 Patent was developed specifically for film crews, the '777 Patent, which is more generally in regards to mobile networks, "share[s] very similar disclosures and claims . . . . [and] is a continuation-in-part of the '074 patent [sic]." (Mem. at 3.)

The allegedly infringing technology uses a "satellite communications subsystem composing, for example, one or more satellite constellations and one or more ground earth stations" that connects communications "from passenger devices . . . to the ground earth stations via satellite links . . . . [and] upon reaching a ground earth station are connected to the Internet." (FAC ¶15.) The allegedly infringing system "includes at least one antenna system for providing broadband Internet connectivity between one or more satellites and an aircraft . . . . [and] at least one cabin wireless access point ("CWAP") for providing a wireless local area network onboard . . . . [and] a plurality of line replaceable units ("LRUs", or, singularly, "LRU") . . . . [and is] specifically designed for use in moving vehicles such as aircraft." (Id. ¶¶ 15-19.) Plaintiffs aver that Defendants have thus infringed on the Patents-in-Suit.

By contrast, Defendants assert that no infringement was possible because the Patents-in-Suit are barred as obvious. (See Mem.; see also, Counterclaims at 7-9.) They argue that during reexamination of the Patents-in-Suit, Plaintiff "argued that the 'nomadic' limitation distinguished the claims from [other] prior art." (Mem. at 5.) They argue that the PTO was not presented with other prior art that show that Plaintiff did not invent "a 'nomadic LAN' [as the] four very old and ordinary prior art references demonstrate . . . :" (1) the 1996 Tanenbaum textbook's depiction of a flying router and wired LAN on an airplane accompanied by text explanation that "'[a] single router on the aircraft maintains a radio link with some router on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-11018 GAF (JCGx) | Date | November 4, 2014 |
|---|---|---|---|
| Title | Advanced Media Networks LLC v. Row 44 Inc et al | | |

ground, changing routers as it flies along'";[3] (2) Air Force AWACS ("airborne warning and control system") planes' ability to "link electronically with a satellite and beam the monitor displays . . . and radio communications all the way back to Washington . . .' from as early as the first Gulf War in 1961";[4] (3) the US Navy's ship to shore transmission networks;[5] and (4) the proposal for providing mobile data service to passengers inside a moving platform, such as a train.[6] (Mem. at 8-10 (emphasis omitted).) Each of the prior art "predat[e] the earliest patent" in this case. (Id. at 8.) Thus, Defendants have filed the instant Motion for Summary Judgment, claiming that Plaintiff's claims fail because the Patents-in-Suit are barred as obvious. (See Mem.)

Plaintiff argues that, pursuant to Defendants' own reexamination request, the PTO was, in fact, shown "many references which showed 'nomadic' communications" including the Tanenbaum textbook" and Kleinrock's article discussing a potential definition of "nomadicity." (Docket No. 79 [AMN's Opposition ("Opp.")] at 2, 19; Docket No. 73 [Statement of Genuine Issues ("SGI")] ¶ 71; Reexamination Cert. Notice at 2158.) They further argue that the four cited pieces of prior art "are not prior art under any section of 25 U.S.C. § 102, due to the inventor's prior date of invention." (Id.)

III.
DISCUSSION

A. LEGAL STANDARDS

1. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P.

---

[3] Andrew S. Tanenbaum, Computer Networks (Prentice Hall PTR, 1996) ("Tanenbaum textbook").

[4] See Torok, T., Stark, C., "AWACS: The Nerve Centers of Gulf War–Boeing-Build Radar Planes Come Through Under Fire," Seattle Times, Jan. 27, 1991 ("AWACS article").

[5] See Maleski, M. Zimbler, A., Internetworking Through Milstar, Proceedings of the 1995 MILCOM Conference Vol. 2, pp. 474-478, Nov. 6-8, 1995 ("Navy Article").

[6] See Silva, N. Et al., "Structure and Mobility Functions for the MCPN, Wireless Communication System Symposium," 41-46, Nov. 1995 ("Train Mobile Data Proposal").

LINKS: 66

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-11018 GAF (JCGx) | Date | November 4, 2014 |
|---|---|---|---|
| Title | Advanced Media Networks LLC v. Row 44 Inc et al | | |

56(a). A movant may ask for summary judgment on some or all of the claims or defenses present in an action. Id. Thus, when addressing a motion for summary judgment, the Court must decide whether there exist "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial, which it can meet by presenting evidence establishing the absence of a genuine issue or by "pointing out to the district court . . . that there is an absence of evidence" supporting a fact for which the non-moving party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Where the moving party bears the burden of persuasion at trial, it will meet its burden of persuasion on summary judgment only if it can show "that the evidence is so powerful that no reasonable jury would be free to disbelieve it." Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir. 2008) (internal quotation marks omitted); see also S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) ("As the party with the burden of persuasion at trial, the [moving party] must establish beyond controversy every essential element of its . . . claim." (internal quotation marks omitted)). In other words, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006) (internal quotation marks omitted). However, "the moving party need not disprove the other party's case." Id. (citing Celotex, 477 U.S. at 325).

Once the moving party has carried its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(2). To defeat summary judgment, the non-moving party must put forth "affirmative evidence" that shows "that there is a genuine issue for trial." Anderson, 477 U.S. at 256–57. This evidence must be admissible. See Fed. R. Civ. P. 56(c), (e). The non-moving party cannot prevail by "simply show[ing] that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the non-moving party must show that evidence in the record could lead a rational trier of fact to find in its favor. Id. at 587. In reviewing the record, the Court must believe the non-moving party's evidence, and must draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-11018 GAF (JCGx) | Date | November 4, 2014 |
|---|---|---|---|
| Title | Advanced Media Networks LLC v. Row 44 Inc et al | | |

**2. INVALIDITY – OBVIOUSNESS**

A patent and each of its claims is presumed valid, and the burden of establishing invalidity rests with the party asserting it. 35 U.S.C. § 282. See also Metabolite Laboratories, Inc. v. Laboratory Corp. of America Holdings, 370 F.3d 1354, 1365 (Fed. Cir. 2004) ("A patent issued from the United States Patent and Trademark Office (PTO) bears the presumption of validity under 35 U.S.C. § 282.") The Supreme Court has recently re-affirmed that "a defendant seeking to overcome the presumption must persuade the factfinder of its in-validity defense by clear and convincing evidence." Microsoft Corp. v. i4i Ltd. Partnership, 131 S. Ct. 2238, 2243 (2011).

Section 103(a) of the Patent Act provides that "[a] patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a). The Supreme Court has stated that the "combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." KSR Intern. Co. v. Teleflex Inc., 550 U.S. 398, 416 (2007). "[I]f a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique is obvious unless its actual application is beyond his or her skill." Id. at 417. Accordingly, "a court must ask whether the improvement is more than the predictable use of prior art elements according to their established functions." Id.

However, "a patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." Id. at 418. "[B]ecause inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known," the Supreme Court has stated that "it can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does . . . ." Id. at 418—419; see also In re Suong-Hyu Hyon, 679 F.3d 1363, 1371 (Fed. Cir. 2012) ("When prior art references require selective combination by the court to render obvious a subsequent invention, there must be some reason for the combination other than the hindsight gleaned from the invention itself.") (internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-11018 GAF (JCGx) | Date | November 4, 2014 |
|---|---|---|---|
| Title | Advanced Media Networks LLC v. Row 44 Inc et al | | |

      KSR further explained that "it will [often] be necessary for a court to look to interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue." KSR. at 418. Accordingly, the statutory test "requires factual inquiries: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) objective evidence of nonobviousness." Mintz v. Dietz & Watson Inc., 679 F.3d 1372, 1375 (Fed. Cir. 2012) (citing Eli Lilly & Co. v. Teva Pharm. USA, Inc., 619 F.3d 1329, 1336 (Fed. Cir. 2010)).

      In applying these concepts, a Court must be wary of substituting its own judgment of obviousness for that of the skilled artisan. The Federal Circuit reiterated the principle in Mintz v. Dietz & Watson Inc., 679 F.3d 1372, 1377 (Fed. Cir. 2012) where it reversed a judge who relied on "common sense" to invalidate a patent for obviousness.

> The district court made a clear error, however, in its unsubstantiated reliance on "a common sense view" or "common sense approach" to hold that it would have been "obvious to try" [the means described in the patent.] The mere recitation of the words "common sense" without any support adds nothing to the obviousness equation. Within the statutory test to determine if a claimed invention has advanced its technical art field enough to warrant an exclusive right, "common sense" is a shorthand label for knowledge so basic that it certainly lies within the skill set of an ordinary artisan. With little more than an invocation of the words "common sense" (without any record support showing that this knowledge would reside in the ordinarily skilled artisan), the district court overreached in its determination of obviousness.

The Mintz decision noted that, when a Court uses such an approach, it runs a substantial risk of using the invention "to define the problem that the invention solves," which is a form of hindsight that is prohibited in assessing obviousness claims. (Id.) To avoid this mistake, a trial court must be guided by evidence regarding that which was within the ordinary skill of the relevant artisans at the time of the invention.
//
//
//

LINKS: 66

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-11018 GAF (JCGx) | Date | November 4, 2014 |
|---|---|---|---|
| Title | Advanced Media Networks LLC v. Row 44 Inc et al | | |

**B. APPLICATION**

Having stated the test, the pending motion merits little discussion because it fails at the starting gate. Defendants have presented no evidence from a skilled artisan of any sort, let alone evidence that would assist the Court in determining what field should be considered the relevant art and what a skilled artisan in that field would say about the state of the art as it applied to the inventions described in the Patents-in-Suit.[7]

> The Graham analysis includes a factual determination of the level of ordinary skill in the art. Without that information, a district court cannot properly assess obviousness because the critical question is whether a claimed invention would have been obvious at the time it was made to one with ordinary skill in the art. The important consideration is 'the need to adhere to the statute, i.e., to hold that an invention would or would not have been obvious, as a whole, when it was made, to a person of 'ordinary skill in the art'—not to the judge, or to a layman, or to those skilled in remote arts, or to geniuses in the art.'

Custom Accessories, Inc. V. Jeffrey-Allan Indus., 807 F.2d 955, 962 (Fed. Cir. 1986) (citations omitted) (ultimately not reversing for failure to make level of skill finding because "it was not shown that the failure to make a finding or an incorrect finding on level of skill influenced the ultimate conclusion under section 103 . . . constitut[ing] reversible error.")

Here, Defendants have failed to identify the level of ordinary skill in the art used to determine obviousness or demonstrate that such level of ordinary skill is not in dispute. (See Mem. (containing no argument as to the proper level of ordinary skill); Opp. at 1, 16.) Plaintiff pointed out as much in its opposition. (Opp. at 16.) Defendants attempted to remedy their omission by asserting that "Plaintiff fail[ed] to tie the level or [sic] ordinary skill to any disputed issue and, therefore, it is irrelevant for purposes of this motion" and by asserting that they "are willing to accept, for purposes of the motion, the level of skill argued by plaintiff." (Reply at 4

---

[7] The Court notes that Plaintiff has set out numerous defects in the pending motion. Plaintiff points out that Defendants have failed to present any evidence, not to mention undisputed evidence, on any of the elements of obviousness. (Docket No. 74, at 12 et seq.) For example, the Defendants have largely ignored the objective evidence of non-obviousness shown by the substantial commercial success of the patented inventions. (Id. at 14.) However, because the motion lacks the most basic information regarding what a skilled artisan would have considered obvious at the time of the invention, the argument cannot advance past that point and the Court therefore does not address the numerous other flaws in the pending motion.

LINKS: 66

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-11018 GAF (JCGx) | Date | November 4, 2014 |
|---|---|---|---|
| Title | Advanced Media Networks LLC v. Row 44 Inc et al | | |

(citation omitted).)

But this argument misses the point. First, Plaintiff does not bear the burden on this motion; the burden, which is a heavy one because of the Section 282 presumption, rests with the Defendants. Second, the argument fails to appreciate that the Court needs to know the proper field of expertise to consider, the level of skill that an ordinary artisan would have had in that field at the relevant time, the specific information about the field of invention that an artisan with the ordinary level of skill actually possessed and finally evidence as to what would be obvious to one with that level of skill and possessed of that information. Third, in the record before this Court, the only relevant evidence regarding a relevant skill artisan is found in the evidence presented during the re-examination *in support of the patents.* That expert opined regarding the term "nomadic transmission/reception point" and concluded that it had an established, technical meaning in the field of mobile communications at the time of the invention. (Opp. at 16; see also, Reexamination Cert. Notice at 2158.) That expert opined that one of ordinary skill in the art of mobile communications would not have found it obvious to modify the prior art to create the Patents-in-Suit. (Opp. at 16.) Thus, an expert witness, deemed credible by the PTO to opine regarding the skill in the requisite art, offered the sole, unrebutted opinion offered in connection with this motion that "one of ordinary skill in the art would not have modified the [Portable Base Stations] of Eng in the manner claimed by the Defendants." (Id.)

In these circumstances, Defendants' motion for summary judgment seeking a determination of invalidity based on obviousness fails.

## IV.
## CONCLUSION

For the foregoing reasons, Defendant has failed to show that no genuine issues of material fact exist as to whether Plaintiff's infringement claims should fail as a matter of law. Accordingly, Defendant's Motion for Partial Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**