LINKS: 81

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-11018 GAF (JCGx) | Date | November 4, 2014 |
| Title | Advanced Media Networks LLC v. Row 44 Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** |
|---|---|

| Stephen Montes Kerr | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       **(In Chambers)**

### ORDER RE: EX PARTE APPLICATION TO STRIKE

### I.
### INTRODUCTION

    The Court is in receipt of Plaintiff Advanced media Networks, LLC's ("Plaintiff" or "AMN") ex parte application requesting the court to strike the declaration of Jonathan Pearce ("Pearce Decl.") and Exhibits thereto that Defendants[1] submitted in support of their Reply to Defendants' Motion for Summary Judgment ("Exhibits"). (Docket No. 81 [Ex Parte Application ("Appl.")]; see also, Docket No. 75-1 [Pearce Decl.] and Docket Nos. 75-2, 75-3, 75-4, 75-5, 75-6, 75-7, 75-8,75-9,75-10,75-11,75-12 [Exhibits 1 and 2, Reexamination Requests ("Reexam. Reqs.")]].)

    As explained below, the Court declines to strike the Pearce Declaration and Exhibits, but **GRANTS** the application to the extent that the Court will received the materials for the limited purpose of rebutting evidence as explained below. Additionally, the Court **DENIES** Plaintiff's request to submit a sur-reply, finding it is solely based on Plaintiff's unfounded fear of improper action by the federal circuit court.

---

[1] "Defendants" refers collectively to Row 44, Inc., Global Eagle Ent., Inc., and Southwest Airlines, Co.

LINKS: 81

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-11018 GAF (JCGx) | Date | November 4, 2014 |
|---|---|---|---|
| Title | Advanced Media Networks LLC v. Row 44 Inc et al | | |

## II. DISCUSSION

**A. LEGAL STANDARD**

**1. EX PARTE RELIEF**

To obtain ex parte relief, a party must show that: (1) it will be irreparably harmed but for ex parte relief; and (2) it is without fault in creating the need for ex parte relief. Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Additionally, continuing the hearing date would require the Court to modify the current scheduling and case management order. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard "focuses on the reasonable diligence of the moving party." Noyes v. Kelly Svs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivokovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

**2. EVIDENCE OFFERED IN REPLY BRIEF**

"'It is well established in this circuit that [t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs." Martinez-Serrano v. I.N.S., 94 F.3d 1256, 1259 (9th Cir. 1990) (quoting Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir. 1990)). "A district court may refuse to consider new evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief." Wallace v. Countrywide Home Loans, Inc., 2009 WL 4349534, at *7 (C.D. Cal. 2009). "Evidence submitted in direct response to evidence raised in the opposition, however, is not 'new.'" In re ConAgra Foods, Inc. 2014 WL 4104405, at *33 n. 87 (C.D. Cal. August 1, 2014) (relying on Edwards v. Toys "'R" US, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007) ("Evidence is not 'new,' however, if it is submitted in direct response to proof aduced in opposition to a motion") and Terrell v Contra Costa County, 232 Fed. App'x. 626, 629 n.2 (9th Cir. Apr. 16, 2007) (Unpub. Disp.) (Evidence adduced in reply was not new where "[t]he Reply Brief addressed the same set of facts supplied in [non-movant's] opposition to the motion but provides the full context to [non-movant's] selected recitation of the facts"); see also, C.D. Cal. L.R. 7-10 ("A moving party may . . . serve and file a reply memorandum, and declarations or other rebuttal evidence.").

**LINKS: 81**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-11018 GAF (JCGx) | Date | November 4, 2014 |
|---|---|---|---|
| Title | Advanced Media Networks LLC v. Row 44 Inc et al | | |

**B. APPLICATION**

Plaintiff claims that the Reexamination Requests attached as exhibits to the Pearce Declaration improperly attempt to use the Reply to put before the Court new issues that were not raised in the Opposition Memorandum to Defendants' motion for summary judgment. (Appl. at 1.) Defendants contend that they acted properly because the Reexamination Requests rebut Plaintiff's assertion in its opposition regarding Defendants' purported failure to file those requests together with appropriate claims charts and new prior art references. (Docket No. 75 [Defendants' Reply ("Reply")] at 4.)

To the extent that the requests were submitted to rebut the proposition that no such requests were filed, the Court finds they are proper under the local rules. However, the Court finds it would be improper to give weight to any arguments or evidence contained therein that were not advanced in Defendants' opening motion. Thus, the Court **DENIES** Plaintiff's application to strike the documents for all purposes, but **GRANTS** Plaintiff's application to allow the evidence for the limited purpose discussed above.

Additionally, the Court **DENIES** Plaintiff's request to submit a sur-reply in the event that the Court does not strike the materials. (Appl. at 8-9.) Plaintiffs sole argument is that they are afraid the federal circuit court "may not take such a limited view of [the materials'] purpose." (Id. at 9, n. 4.) The Court has no reason to believe that the circuit court would act improperly in any fashion and declines to grant the harsh relief Plaintiff is requesting based on Plaintiff's unfounded fear of such improper action.

**III.
CONCLUSION**

The application is **DENIED IN PART** and **GRANTED IN PART** as set forth above. The request to submit a sur-reply is **DENIED**.

**IT IS SO ORDERED.**